BETSEY A. WILCOX *vs.* SAMUEL B. WILBUR.

A., in October, 1885, at an execution sale, bought certain realty subject to a mortgage made by B. in August, 1885. B. surrendered the premises to the mortgagee August 6, 1886, under Pub. Stat. R. I. cap. 176, §§ 4, 5. August 7, 1886, A. brought ejectment in a Special Court of Common Pleas against B., who was occupying the realty.

*Held,* that B. could show a permissive occupation under the mortgagee which would make B. a tenant at will of the mortgagee, and thus defeat A.'s action by the mortgagee's superior title.

EXCEPTIONS to a Special Court of Common Pleas.

*January* 15, 1887. PER CURIAM. This is an action of eject-

ment in a Special Court of Common Pleas, brought for the possession of certain premises described in the declaration, in which the plaintiff recovered judgment. It is brought before us by bill of exceptions. It appears by the bill that in the court below the plaintiff proved, in support of her action, that she bought the premises at execution sale in July, 1886, under an attachment made in October, 1885; that on August 7, 1886, the day on which the writ in ejectment was issued and served, the defendant was living upon and occupying the premises. In defence the defendant introduced testimony to show that, under a mortgage of the premises given by him to one Asabel A. Peck in August, 1885, said Peck entered August 6, 1886, the day before the commencement of this suit, in the presence of two witnesses, and took possession of said premises as mortgagee, possession being delivered to him by the defendant in the manner provided by Pub. Stat. R. I. cap. 176, §§ 4, 5, and that the certificate and acknowledgment therein required were given by the witnesses and the defendant and duly recorded. Whereupon the defendant, by his counsel, claimed that, although he was living on the premises, he was there only by sufferance and permission of said Peck. The court held that, notwithstanding said proceedings set up by the defendant, the plaintiff was entitled to maintain her action, and directed a verdict for the plaintiff. The question is whether the ruling was correct. We think it was not. It being proved that the defendant had delivered possession to Peck as aforesaid, the jury might well infer that his remaining in occupation was merely permissive, in pursuance of an understanding, tacit or expressed, between him and Peck; and if such was the relation between them, it was the relation of landlord and tenant, the defendant being tenant at will to Peck. *Johnson* v. *Johnson*, 13 R. I. 467. This being so, under the decision in *Simmons* v. *Brown*, 7 R. I. 427, the defendant was entitled to protect his occupation by virtue of his tenancy to Peck, who held the superior title.

*Exceptions sustained.*

*Charles A. Wilson & Thomas A. Jenckes*, for plaintiff.
*Charles H. Page & Franklin P. Owen*, for defendant.